IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| reFX AUDIO SOFTWARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 1795 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| DOES 1-111, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff reFX Audio Software, Inc., a Canadian corporation that produces, markets, and

sells sound mixing software and owns the copyright to a ROM Synthesizer-Plug-In Software

program (the "Software"), has sued 111 anonymous defendants (Does 1-111) known to plaintiff

only by their alleged use of internet protocol ("IP") addresses. Plaintiff alleges that defendants

have committed direct and contributory copyright infringement under the under the Copyright

Act of 1976 as amended, 17 U.S.C. § 101 <u>et seq</u>., and civil conspiracy, by copying, distributing,

and sharing the Software. After filing suit, plaintiff sought and was granted leave to serve third-

party subpoenas on defendants' internet service providers ("ISP") to determine the names

associated with the IP addresses. Does 51, 68, 97 and 101 ("defendants") have now moved to

quash those subpoenas, each arguing that they had been improperly joined under Fed. R. Civ. P.

20. Doe 51 also argues that the information sought is not relevant or necessary to the pending

action and that the subpoena is unduly burdensome under Fed. R. Civ. P. 45(c)(3)(A)(IV).[1]

Those motions are denied.

---

[1]Doe 51's motion contains an alternative request for a protective order.

## BACKGROUND

This is one of an ever increasing number of cases filed by the instant plaintiff and others against unnamed defendants who allegedly illegally downloaded the plaintiffs' copyrighted works using the BitTorrent Protocol.  A brief description of BitTorrent and its use to download movies and other copyrighted works can be found in this court's order in Malibu Media, LLC v. John Does 1-25, No. 12-cv-9655 (N.D. Ill. April 24, 2013)("Does 1-25"), as well as in Judge Castillo's opinion in Malibu Media, LLC v. John Does 1-6, 2013 WL 2150679 (N.D. Ill. May 17, 2013) ("Does 1-6") and Judge Kendall's opinion in Malibu Media, LLC v. Reynolds, 2013 WL 870618 (N.D. Ill. March 7, 2013).

## DISCUSSION

Defendant Doe 51 first contends that the subpoenas to the third-party ISP should be quashed because compliance will not result in the identification of the alleged infringers. According to defendant, obtaining the name and contact information for the person to whom an ISP sends its monthly bill bears no rational relationship to the person or entity that might have actually accessed plaintiff's software.

Fed. R. Civ. P. 45(a) permits the issuance of subpoenas to produce documents and tangible things in a person's custody or control.  The rule requires a court to quash or modify a subpoena if it: (1) fails to allow a reasonable time for compliance; (2) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden.  Fed. R. Civ. P. 45(c)(3)(A)(I-V).  The party seeking to quash bears the burden of demonstrating that the subpoena falls within one of these categories.

2

As an initial matter, the court notes that defendants seek to quash subpoenas served to non-party ISPs. As a general rule, a party lacks standing to quash a subpoena issued to a non-party unless the party has a claim of privilege attached to the information sought or unless the subpoena implicates the parties' legitimate privacy interests. See Hard Drive Productions v. Does 1-48, 2012 WL 2196038 at *3 (N.D. Ill. June 14, 2012). The district courts in this circuit are divided on the issue of whether an anonymous defendant accused of copyright infringement has standing to object to a subpoena issued to his ISP. See Reynolds , 2013 WL 870618 at *5 (comparing cases). Those cases that find standing do so on the basis that the party has "at least a minimal privacy interest in the information requested by the subpoenas . . .." Sunlust Pictures, LLC v. Does 1-75, 2012 WL 3717768 at *2 (N.D. Ill. August 27, 2012). Those cases that hold that the parties lack standing generally conclude that "because internet subscribers must convey their identity and other information to an ISP in order to establish an account, they do not have a reasonable expectation of privacy in their subscriber information." Hard Drive Productions, 2012 WL 2196038 at *4. Nor can a party rely on the First Amendment to remain anonymous "because the First Amendment does not protect copyright infringement and to the extent anonymity is used to mask copyright infringement or to facilitate infringement by other persons, it is unprotected." Id. (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110,118 (2d Cir. 2012)).

As this court noted in Does 1-25, it agrees generally that defendants lack standing to challenge the instant third-party subpoenas. As in Does 1-25, however, it need not reach the issue because even if defendants have standing, there is no merit to the challenge to the subpoenas. Doe 51's argument that the subpoena should be quashed because the information sought will not itself identify the actual infringer demonstrates a lack of understanding of the

basic scope of discovery under the federal rules. "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Identifying the customers associated with the IP addresses of which plaintiff is aware is relevant to its claims. Even if the customer associated with the IP address is not necessarily the person who illegally download plaintiff's software, the customer's name is the first step in identifying the proper defendant. Consequently, Doe 51's motion to quash the subpoena as seeking irrelevant information is denied.

Next, all defendants argue that the subpoenas should be quashed because the Doe defendants have been improperly joined under Fed. R. Civ. P. 20. As noted by this court in Does 1-25, there has been a plethora of litigation on the issue of joining as defendants persons who allegedly participated in a single BitTorrent "swarm" to illegally download copyrighted works. There is a split of authority on this issue. See Does 1-6, 2013 WL 2150679 at *7-14. This court agrees with Judge Castillo's comprehensive and well-reasoned opinion in Does 1-6, in which he concludes that "although there are compelling arguments on both sides, the Court finds that the alleged conduct of each Doe defendant shares an aggregate of operative facts that give rise to [the plaintiff's] claims of infringement against each Doe defendant, such that the `logical relationship' test is satisfied at this early stage of the litigation. In other words, [the plaintiff] has sufficiently pleaded that its claims arise out of the same `transaction, occurrence, or series of

4

transactions or occurrences' . . .. The shared operative facts are not solely that each Doe

defendant used Bit- Torrent but that `each Doe defendant downloaded the same Torrent file that

was created by the same initial seeder, intending to: (1) utilize other users' computers to

download pieces of the same [Copyrighted Works], and to allow his . . . own computer to be

used in the infringement by other peers and defendants in the same swarm.'" Id. At *11 (quoting

Patrick Collins, Inc. v. Does 1-21, 282 F.R.D. 161, 165 (E.D. Mich. 2012)).

>As this court noted in Malibu and Judge Castillo noted in Does 1-6,
>
>It is difficult to see how the sharing and downloading activity alleged in the
>Complaint – a series of individuals connecting either directly with each other or
>as part of a chain or `swarm' of connectivity designed to illegally copy and share
>the exact same copyrighted file – could not constitute a `series of transactions or
>occurrences' for purposes of Rule 20(a). [Digital Sin, Inc. v. Does 1-176, 279
>F.R.D. 239, 244 (S.D. NY 2012)].

For the reasons described in Does 1-6, the argument that joinder is proper only if

defendants participated in the same swarm at the same time is also rejected. This argument

ignores the fact that permissive joinder under Rule 20(a) does not require that defendants act in

concert with each other, see United States v. Miss., 380 U.S. 128, 143 (1965), nor does it "have

as a precondition that there be temporal distance or temporal overlap." Patrick Collins v. Does

1-21, 282 F.R.D. at 167. All that is required is a logical relationship between the separate causes

of action. Does 1-6, 2012 WL 2150679 at *13 (citing In re EMC Corp, 677 F.3d 1351, 1358

(Fed. Cir. 2012)). To require plaintiffs to establish that the joined defendants shared information

directly with each other construes Rule 20 too narrowly. Rule 20 is satisfied if defendants

indirectly interact with one another through participation in a single swarm. "[I]t is important to

consider that while a peer directly uploads to only a small number of peers, those peers in turn

upload pieces to other peers that later join the swarm. Thus, a defendant's `generation' of peers

– peers that a defendant likely directly uploaded to – helped pass on pieces of the [plaintiff's software] to the next `generation' of active peers." Third Degree Films v. Does 1-36, 2012 WL 2522151 at *9 (E.D. Mich. May 29, 2012). Consequently, the court concludes that plaintiff has sufficiently alleged proper joinder among all defendants. See also Bicycle Peddler, LLC v. Does 1-12, 2013 WL 3455849 (N.D. Ill. July 9, 2013)(Tharp, J.).[2]

Next, defendants argue that the subpoenas should be quashed because compliance would be unduly burdensome. Defendants' misunderstand Rule 45(c)(3)(A)(IV)'s "unduly burdensome" requirement. The burden to which Rule 45 refers is the burden on the responding or subpoenaed party or entity, not a third party. The instant subpoenas do not compel defendants to produce any information and thus do not burden them in any manner. Does 1-6, 2013 WL 2150679 at *4; Sunlust Pictures LLC, 2012 WL 3717768 at *2.

## CONCLUSION

For the reasons described above, all motions to quash the third-party subpoenas and/or for protective orders (Docs. 19, 22, 27 and 30) are denied.

**ENTER:**      **July 23, 2013**

**Robert W. Gettleman**
**United States District Judge**

---

[2]Even if joinder of all defendants is not proper, improper joinder is not grounds to quash the third party subpoenas under Fed. R. Civ. P. 45.