IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| reFX AUDIO SOFTWARE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-01795 |
| ) | |
| DOES 1-111, ) | Hon. Robert W. Gettleman |
| ) | |
| Defendants. ) | *JURY TRIAL* |
| ) | *DEMANDED* |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

## **TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| TABLE OF CONTENTS | | i |
| TABLE OF AUTHORITIES | | ii |
| I. Background | | 1 |
|     a. Procedural Background | | 1 |
|     b. Technical Background | | 2 |
|     c. Procedural Background | | 3 |
| II. Argument | | 4 |
|     a. The Legal Landscape is Split and the Issues Presented are Far From Decided | | 4 |
|     b. The Subpoena to AT&T was Properly Issued | | 5 |
|         1. The Subpoena Serves a Proper Purpose | | 5 |
|     c. AT&T's Objections Should be Overruled | | 6 |
|         1. AT&T's First Objection | | 7 |
|         2. AT&T's Second, Third, Fourth, Fifth and Seventh Objections | | 8 |
|         3. AT&T's Sixth Objection | | 10 |
| III. Conclusion | | 13 |

# TABLE OF AUTHORITIES

**Cases**   **Page**

*AF Holdings LLC v. Does 1-1,058,* ................................................................... *passim*
    286 F.R.D. 39 (D.D.C., 2012)

*Bicycle Peddler, LLC v. Does 1-12,* ....................................................... 4, 5
    No. 13-cv-02372. 2013 WL 3455849 (N.D. Ill. July 9, 2013)

*China Indus. (USA) Inc. v. New Holland Tire, Inc.,* ................................... 9
    No. 05-cv-06734, 2006 WL 2290975 (N.D. Ill. August 7, 2006)

*Malibu Media, LLC v. Does 1-6,* ...................................................... 4, 5, 9
    -- F.R.D. , 2013 WL 2150679 (N.D. Ill. May 17, 2013)

*Malibu Media, LLC v. Does 1-21,* ..................................................... 4, 7
    No. 12-cv-09656, 2013 WL 2458290 (N.D. Ill. June 6, 2013)

*Malibu Media v. Reynolds,* .................................................................. 4
    No. 12-cv-06672, 2013 WL 870618 (N.D. Ill. Mar. 7, 2013)

*Purzel Video GmbH v. Does 1-161,* ..................................................... 4
    No. 13-cv-02504, 2013 BL 145685 (N.D. Ill. June 4, 2013)

*reFX Audio Software, Inc. Does 1-111,* ............................................. 4-6, 10
    No. 13-cv-01795, 2013 WL 3867656 (N.D. Ill. July 23, 2013)

*TCYK, LLC v. 1-87,* ............................................................................... 4, 5
    No. 13-cv-03845, 2013 WL 34565186 (N.D. Ill. July 9, 2013)

<u>Statutes</u>

FED. R. CIV. P. 45 ...................................................................................... 4, 7, 10

FED. R. CIV. P. 45(c)(2)(B)(i).............................................................................. 1

FED. R. CIV. P. 45(c)(3)(B)(iii)........................................................................... 7

735 Ill. COMP. STAT. ANN. 5/2-209(b)(2)(West 1982)........................................ 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| reFX AUDIO SOFTWARE INC., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 1:13-cv-01795 |
| ) | |
| DOES 1-111, ) | Hon. Robert W. Gettleman |
| ) | |
| *Defendants.* ) | ***JURY TRIAL DEMANDED*** |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Plaintiff files this Memorandum in Support of its Motion to Compel Compliance with Subpoena. Specifically, pursuant to FED. R. CIV. P. 45(c)(2)(B)(i), Plaintiff moves this Court to enter an order requiring Internet Service Provider AT&T (SBC Internet Services d/b/a AT&T) to produce the information called for in a third party subpoena, issued pursuant to this Court's April 9, 2013 Order allowing the same. Docket No. 15. For the reasons set forth herein, Plaintiff respectfully requests that this Court compel AT&T to produce the information requested by Plaintiff, reFX Audio Software Inc. ("reFX Audio"), namely, identifying information for forty two (42) Doe Defendants in this action who utilized AT&T as their internet service provider ("ISP").

### I. BACKGROUND

#### a. Factual Background

Plaintiff reFX Audio is a Canadian corporation that produces, markets and sells music creation and editing software. Docket No. 1, Compl. at ¶19. The reFX product at issue in this suit

1

is called Nexus. *Id.* at ¶ 4. Specifically, the version at issue in this action is Nexus 2, and its minor upgrades, versions 2.2.0 and 2.2.1 (collectively referred to as "Nexus 2"). *Id.* at ¶¶ 5, 34, 38, 67, 77. Nexus 2 works as "plug-in" software, which means that it can be used in conjunction with other sound mixing or recording software. *Id.* at ¶¶ 33-34. Nexus 2 is commonly known in the music editing/mixing industry as a "rompler," as it can be used to play back sound samples stored on ROM chips. *Id.* Nexus 2 initially offers over 1000 "factory preset" sounds and music that users can manipulate. *Id.* at ¶ 35. reFX also continually produces expansion packs – software that offers additional sounds and music samples keyed to a specific musical genre or theme.

The purchase price of Nexus 2 with the initial 1000 factory presets is $299. *Id.* at ¶ 40. Each additional expansion pack is available for purchase separately for an amount ranging from $40 to $65. http://refx.com. Additionally, reFX also sells a complete package (Nexus 2 with all 69 expansions) for $3,049. *Id.*

### b. Technical Background

Due to the vast infringement of Nexus 2, reFX Audio retained Copyright Defenders, a forensic internet investigative firm. Docket No. 11, Declaration of Mr. Matthias Schroeder Padewet in Support of Memorandum for Expedited Discovery at ¶ 6. Copyright Defenders monitors and logs the illegal distribution of copyrighted material through BitTorrent and other file sharing protocols. *Id.* Essentially, Copyright Defenders downloads pieces of the Nexus 2 software from BitTorrent users who are currently offering to distribute the software through the BitTorrent protocol. *Id.* at ¶ 22. When pieces of the software files are downloaded by Copyright Defenders' investigators, the advanced software employed by Copyright Defenders can determine the IP address from which the data packets came, in addition to the geolocation of the IP address, the BitTorrent client application utilized by the distributing user, and other files

2

currently being offered for upload by the user. *Id.* at ¶ 24. Copyright Defenders maintains a database of infringers (identified by IP address) and the evidence associated with each infringers IP address. In February 2013 alone, Copyright Defenders observed over 6000 BitTorrent users in the United States illegally distributing Nexus 2. Declaration of Matthias Padewet in Support of Motion to Compel Compliance with Subpoena at ¶ 4.

### c. Procedural Background

Plaintiff filed its initial Complaint on March 7, 2013. Docket No. 1. The initial complaint identfied 111 Doe Defendants believed to reside in this District based on geolocation technology, and whose IP addresses sent illegally obtained pieces of Nexus 2 to Copyright Defenders during the month of February. *Id.* at ¶ 2; Ex. A to Complaint. Plaintiff also filed a motion to take leave prior to a Rule 26(f) conference. Docket No. 9. This motion was granted on April 9, 2013. Docket No. 15. Pursuant to this Court's Order granting Plaintiff leave to take early discovery, Plaintiff served third party subpoenas on the ISPs who had subscribers linked to infringing activity. Ex. A, April 12, 2013 Subpoena Packet to AT&T. AT&T was served with a subpoena on April 16, 2013.

AT&T sent "objections" to the subpoena to Plaintiff's counsel on April 30, 2013. Ex. B, April 30, 2013 AT&T Objections. In an attempt to overcome AT&T's objections, Plaintiff reissued a new subpoena out of this District. Ex. C, July 9, 2013 Subpoena Packet to AT&T. AT&T again objected, for all intents and purposes, with the same objections. Ex. D, July 24, 2013 AT&T Objections. Plaintiff and AT&T exchanged emails in an attempt to overcome AT&T's objections. Group Ex. E Correspondence between Plaintiff and AT&T. These attempts proved unsuccessful and thus motion practice is required.

## II. ARGUMENT

This Court reviewed Plaintiff's motion for leave to take early discovery and memorandum in support thereof, and ultimately found it proper to grant Plaintiff's motion for leave to take early discovery. Docket No. 15 at 1. Additionally, this Court recently held joinder was proper. *reFX Audio Software Inc. v. Does 1-111*, No. 13-cv-01795, 2013 WL 3867656 (N.D. Ill. July 23, 2013)

AT&T, through its objections, challenges both this Court's decisions and its authority. AT&T raised a myriad of objections, none of which are recognized by FED. R. CIV. P. 45, or sufficient to justify its refusal to comply with a valid subpoena. This Court's initial decision to grant Plaintiff leave is appropriate, the subpoena is necessary to protect Plaintiff's rights in Nexus 2, and Plaintiff respectfully requests that this Court order AT&T to produce the identifying information of its infringing subscribers.

### a. The Legal Landscape is Split and the Issues Presented are Far From Decided.

Plaintiff openly recognizes and informs the Court as to the split in many Districts (and courthouses) concerning the issues presented here.[1] The issues presented here are polarizing: it has been noted that there is a potential for rulings to be made more on personal beliefs or conceptions.[2] In any event, Plaintiff believes based on the correct interpretation of the law and facts, AT&T should be ordered to produce all identifying information. In fact, this Court has

---

[1] *Compare Malibu Media, LLC v. Does 1-6*, --- F.R.D. ---, 2013 WL 2150679 (N.D. Ill. May 17, 2013); *reFX Audio Software, Inc. v. Does 1-111*, No. 13-cv-01795 2013 WL 3867656 (N.D. Ill. July, 23, 2013); *Bicycle Peddler, LLC v. Does 1-12*, No. 13-cv-02372, 2013 WL 3455849 (N.D. Ill. July 9, 2013); and *TCYK, LLC v. 1-87*, No. 13-cv-03845, 2013 WL 3465186 (N.D. Ill. July 9, 2013) (all finding swarm joiner proper based on the "generation" theory), *with Malibu Media, LLC v. Does 1-21*, No. 12-cv-09656, 2013 WL 2458290 (N.D. Ill June 6, 2013); *Purzel Video GmbH v. Does 1-161*, No. 13-cv-02504, 2013 BL 145685 (N.D. Ill. June 4, 2013), and *Malibu Media, LLC v. Reynolds*, No. 12-cv-06672, 2013 WL 870618 (N.D. Ill. March 7, 2013) (finding joinder improper were swarm members were not in the swarm at the same time).

[2] *See Bicycler Peddler, LLC v. Does 1-12*, 2013 WL 3455849 and *TCYK, LLC v. Does 1-87*, 2013 WL 3465186, Judge Tharp noting "[i]n any event, courts should be hesitant to fashion rules that may be based more on distaste for the copyrighted works or the nature of a plaintiff's business rather than on application of neutral legal principles."

4

recently issued a series of opinions denying motions to quash and granting motions for expedited discovery. *See Malibu Media, LLC v. Does 1-6*, ---F.R.D. ---, 2013 WL 2150679 (N.D. Ill. May 17, 2013) (finding joinder proper based on the connections between "generations" of peers); *reFX Audio Software, Inc. v. Does 1-111*, 2013 WL 3867656 (N.D. Ill. July, 23, 2013) (finding Judge Castillo's opinion in *Malibu Media, LLC v. 1-6* "well reasoned" and finding joinder of 111 Does proper); *Bicycle Peddler, LLC v. Does 1-12*, No. 13-cv-02372, 2013 WL 3455849 (N.D. Ill. July 9, 2013); and *TCYK, LLC v. 1-87*, No. 13-cv-03845, 2013 WL 3465186 (N.D. Ill. July 9, 2013). Plaintiff anticipates that AT&T will argue that these opinions (and their issuing judges) are incorrect, as AT&T's objections to the subpoena at issue advocates positions directly opposed to this recent series of decisions. *See* Ex. D, AT&T Objections (objection #4 arguing joinder is improper).

### b. The Subpoena to AT&T was Properly Issued.

#### 1. The Subpoena Serves a Proper Purpose.

reFX Audio is attempting to protect its property rights in Nexus 2. As the entity assigning the IP addresses to its subscribers, AT&T is the only entity that can identify the Doe Defendants. Without AT&T's cooperation, this action, and reFX Audio's attempt to protect its copyright simply cannot proceed. Without the true identities of the Doe Defendants, Plaintiff cannot properly name and serve the Defendants in this action. Additionally, by withholding the identifying information of its subscribers, AT&T is harboring BitTorrent infringers. As a result of AT&T's refusal to act on the April 12, 2013 subpoena packet, the 42 AT&T Does in suit have received no notice of this infringement action. Without such notice, the unauthorized dissemination of Plaintiff's copyrighted software by many of the AT&T subscribers in suit has

5

continued throughout the month of July. Decl. of Matthias Schroeder Padewet in Support of Motion to Compel at ¶ 5-6.

Plaintiff also acknowledges that every Doe Defendant who is identified by their ISP may not be the actual person who illegally distributed Nexus 2 to countless other BitTorrent users. However, the identities of the Does are still highly relevant. As recently stated by this Court "[e]ven if the customer associated with the IP address is not necessarily the person who illegally downloaded plaintiff's software, the customer's name is the first step in identifying the proper defendant." *reFX Audio Software, Inc. v. Does 1-111*, 2013 WL 3867656, at *2 (N.D. Ill. July 23, 2013). Here, this "first step" is vital to stopping those who illegally distribute Nexus 2 via BitTorrent.

Finally, AT&T's production is likely to reveal "duplicate Does." Due to the fact that IP addresses are rotated and recycled by ISPs, multiple IP addresses linked to the same person in the same suit are often discovered upon production of the Does' identifying information.

As an example, at the outset of an action, some Does may initially seem to be completely separate individuals. Upon production however, and based on trends in past identifications, Plaintiff will likely learn that although the IP addresses for each Doe were different, the IP addresses at issue where all assigned to the same account holder at the time that Copyright Defenders observed the IP addresses illegally distributing Nexus 2. Approximately 8.5% of the Does in a case are duplicates. Decl. of Matthias Padewet in Support of Motion to Compel at ¶ 7. Without AT&T's production, Plaintiff is unable to determine which BitTorrent users illegally distribute Nexus 2 from multiple IP addresses.

### c. AT&T's Objections Should be Overruled

In an attempt to protect its infringing subscribers and avoid compliance with a Court authorized subpoena, AT&T raises a myriad of legal issues as objections to the subpoena at issue. *See* Exs. B and D, AT&T Objections. Specifically, AT&T challenges the form of the subpoena, the burden imposed by the subpoena on AT&T, and the personal jurisdiction, venue, and joinder of the Does. *Id.* Additionally, AT&T advocates that the Does be appointed *ad litem* counsel. *Id.*

AT&T fails to acknowledge that FED. R. CIV. P. 45 sets forth an exhaustive list of grounds on which a subpoena may be quashed or modified:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

"Rule 45 provides four circumstances under which the Court must quash a subpoena, and the Court will not create a fifth." *Malibu Media, LLC v. John Does 1-21*, No. 12-CV-00835, 2012 WL 3590902, at *3 (D. Colo. Aug. 21, 2012) (denying motion to quash based on joinder).

## I. AT&T's First Objection

AT&T's first objection argues form over substance. Essentially, AT&T attempts to object because of the place of production specified on the subpoena's face. First, this objection should be overruled because a reasonable time and place were provided. The subpoena was sent to AT&T on April 12, 2013, and served on April 16. The requested information was due to be produced by AT&T on May 14. AT&T had four weeks to provide the minimal amount of information requested by reFX.

7

The subpoena packet also explained the "place, date and time" for production, and provided that such information needed to be provided to plaintiff. Ex. A, April 12, 2013 Subpoena Packet to AT&T. Additionally, the cover page of the subpoena packet disclosed "the documents can be sent to [Paul Lesko's] attention at One Court Street, Alton, IL 62002." *Id*.

In an attempt to overcome AT&T's first objection, Plaintiff reissued the subpoena out of this District, allowing 31 days for production. Ex. C, July 10, 2013 Subpoena. AT&T raised the same objection to the newly issued subpoena. Ex. D, July 24, 2013 Objections.

Notably, AT&T previously provided reFX Audio with requested information (after asserting the same objections), and when doing so, the information is produced via a File Transfer Protocol ("FTP") website. Group Ex. F, Prior AT&T Subpoena Responses, *reFX Audio Software, Inc. v. Does 1-80*, No. 12-cv-02093, and *reFX Audio Software, Inc v. Does 1-100*, No. 12-cv-02095; Group Ex. G, Prior AT&T Objections. Using this form of production requires nothing more than an internet connection. AT&T knew that if it was to produce information, it would do so using the internet, making the actual place of production irrelevant. However, AT&T still raises extraneous issues to draw attention from its own non-compliance with a court-authorized subpoena. Because the subpoena provides a reasonable date, place and time for production, AT&T's First Objection should be overruled.

## II. AT&T's Second, Third, Fourth, Fifth, and Seventh Objections

Next, AT&T makes multiple undue burden arguments. Any theoretical burden placed on AT&T by having to look up IP addresses is surely addressed by the fees imposed by AT&T. AT&T assesses a fee of $60 per IP lookup, plus an additional $500 "admistrative fee" to compile data onto an FTP site. *See* Group Ex. F, Prior AT&T Productions. For this case alone, AT&T would typically charge Plaintiff $3,020, or approximately $72 per IP address.

AT&T also argues that because the underlying case is flawed (improper personal jurisdiction, venue, and joinder) any production of information is also an undue burden. Ex. D, July 24 Objections, objections 3 and 4. This argument fails for multiple reasons.

First, AT&T lacks standing to challenge personal jurisdiction, venue, or joinder on behalf of the Doe Defendants. *AF Holdings LLC v. Does 1-1,058*, 286 F.R.D. 39, 50 (D.D.C. 2012) (denying ISP objections to subpoenas) (currently pending interlocutory appeal).

Second, this Court recently held "Defendants may dispute this Court's assertion of personal jurisdiction once they are properly named in the complaint, and until then the issue is not ripe for adjudication." *Malibu Media, LLC v. Does 1-6*, 2013 WL 2150679, at *15. This holding emphasizes that **the Defendants** may challenge personal jurisdiction **after they are properly named**. Naming the Doe Defendants necessarily requires AT&T to provide Plaintiff with the Does' identifying information.

Third, disregarding AT&T's lack of standing and the prematurity of the challenge, personal jurisdiction is proper here. The Illinois Long-Arm Statute states "A court may exercise jurisdiction in any action arising within or without this State against any person who… [i]s a natural person domiciled or resident within this State when the cause of action arose, the action was commenced, or process was served…" 735 ILL. COMP. STAT. ANN. 5/2-209(b)(2) (West 1982). "A defendant is subject to general jurisdiction in Illinois when the defendant is domiciled in Illinois…" *China Indus. (USA) Inc. v. New Holland Tire, Inc*, No. 05-cv-06734, 2006 WL 2290975, at *4 (N.D. Ill. August 7, 2006). Geolocation technology places all Does in this State and in this District. Accordingly, this Court's assertion of personal jurisdiction over the Defendants is proper.

Further, AT&T's challenges pertaining to joinder have recently been addressed by this Court. Indeed, in denying multiple motions to quash filed by Doe Defendants, it was held that joinder in this case was proper. *reFX Audio Software, Inc. v. Does 1-111*, 2013 WL 3867656, at *3 (*also noting* "Even if joinder of all defendants is not proper, improper joinder is not grounds to quash the third party subpoenas under FED.R.CIV.P. 45."). Accordingly, AT&T's objections based on personal jurisdiction, venue, and joinder should be overruled.

### III. AT&T's Sixth Objection

Finally, AT&T argues that the requested information should not be produced because the Doe Defendants have not been properly notified of the pending subpoena. This argument is again form over substance. Plaintiff has only the Does' IP addresses, making it impossible for Plaintiff to notify the Does that their personal information is being sought. If AT&T was truly concerned about allowing the Doe Defendants a chance to contest the subpoena, AT&T would have notified their subscribers. Interestingly, however, AT&T has failed to notify its subscribers in the three months that have passed since it was served with the first subpoena.

### IV. CONCLUSION

In view of the above, Plaintiff respectfully requests that this Court overrule AT&T's objections to the subpoenas and order that AT&T be compelled to produce identifying information to reFX. Further, in view of the fact that AT&T produced nearly identical information to Plaintiff previously in other cases, Plaintiff respectfully requests that AT&T be ordered to produce such information to Plaintiff for no charge, given that Plaintiff has had to allocate time and resources to preparing the instant motion to compel.

## **CERTIFICATION OF MEET AND CONFER**

reFX counsel confirms it has conferred with opposing counsel in good faith, but that after sincere efforts to resolve this dispute, was unable to reach an accord. In particular, multiple emails have been exchanged between Mr. Jason Schmidt, plaintiff counsel, and Mr. Bart Huffman, AT&T counsel. Group Exhibit E, Corresp. between reFX counsel and AT&T counsel.

        Respectfully submitted,
        PLAINTIFF REFX AUDIO SOFTWARE, INC.

        By its attorneys,
        SIMMONS BROWDER GIANARIS
        ANGELIDES & BARNERD LLC

Dated: August 6, 2013        By: /s/ *Paul A. Lesko*
        Paul A. Lesko – IL Bar No. 6288806
        One Court Street
        Alton, IL 62002
        Ph: 618.259.2222
        Fax: 618.259.2251
        plesko@simmonsfirm.com

        Patrick J. Keating – IL Bar No. 6211380
        230 West Monroe, Suite 2221
        Chicago, Illinois 60606
        Ph: 312-759-7500
        Fax: 312-759-7516
        pkeating@simmonsfirm.com

        *Attorneys for Plaintiff reFX Audio Software, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2013, electronically filed the foregoing document via the Court's ECF, electronic email system, upon all of record:

Michael Jeffrey Gunderson
Gunderson & Tharp, LLC
308 W Erie
Suite 705
Chicago, IL 60622
Phone: 312-739-0200
Fax: 312-276-8801
mgunderson@gundersontharp.com
***Counsel for Defendant Doe No. 101***

Howard B. Rockman
Howard B. Rockman, P.C.
175 W. Jackson Blvd.
Suite 1600
Chicago, IL 60604
Phone: (312) 540-7512
rockmanhb@gmail.com
***Counsel for Defendant Doe No. 51***

Hugh Scott Balsam
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606
Phone: (312) 443-0700
hbalsam@lockelord.com
***Counsel for SBC Internet Services/AT&T***

And I hereby certify that the foregoing document was served via electronic mail and U.S. Mail to:

Bart Huffman
Locke Lord LLP
100 Congress Ave., Suite 300
Austin, TX 78701
bhuffman@lockelord.com
***Counsel for SBC Internet Services/AT&T***

/s/ *Paul A. Lesko*

12